NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NING HE, | No. 18-72826 |
| Petitioner, | Agency No. A205-540-281 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019**

Before:     FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Ning He, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on an inconsistency between He's testimony and the divorce decree as to the custody status of her son, as well as an inconsistency between He's testimony and her visa application concerning her employment history. *See id*. at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Substantial evidence also supports the agency's finding that He's corroborative evidence did not rehabilitate her testimony. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). He's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, He's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

He's CAT claim also fails because it is based on the same testimony the agency found not credible, and He does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be

18-72826

tortured by or with the consent or acquiescence of the government if returned to

China.  *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**